## CHARLES H. HILL *vs.* SAMUEL W. WILEY.

Middlesex.   March 4, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Conversion. Evidence,* Materiality.

In an action of tort for the conversion of a promissory note payable to the plaintiff and not indorsed by him, the plaintiff testified that he lent the note to the defendant to enable the defendant to exhibit it in a transaction with the maker of the note in which the plaintiff was concerned, and that the defendant afterwards without authority surrendered the note to the maker. The defendant testified that the plaintiff delivered the note to him in part payment for certain real estate. It appeared that the plaintiff had retained certain real estate and personal property which had been conveyed and transferred to him as collateral security for the note, and that the maker of the note brought a suit in equity against the plaintiff, alleging that the note had been satisfied and praying for a decree ordering the return of the collateral. The defendant in the action for conversion offered to prove that in the suit in equity brought by the maker of the note against the present plaintiff the maker alleged that the defendant in the present case had surrendered the note to the maker after having acquired it from the plaintiff in the present case in part payment for real estate, that a master to whom the case was referred found these allegations to be true, and that his find-

ing was confirmed by the judge who heard the case, who made a decree ordering the plaintiff in the present case to convey and transfer the collateral to the maker of the note, and that the plaintiff in the present case obeyed the decree and surrendered the collateral without taking an appeal. The presiding judge in the action for conversion excluded the evidence thus offered on the ground that it was immaterial. It did not appear that the defendant expressly offered in evidence the record of the suit in equity. *Held,* that the court must assume that, if the record of the suit in equity had been admitted, it would have appeared that the plaintiff in the present case in his answer in the suit in equity had alleged that he was still the owner of the note and so was entitled to the collateral, and that this was a material fact, because if he chose to assert his title to the note as still his property, that position was on its face inconsistent with bringing the present action for the conversion of the note; so that the evidence offered should have been admitted.

TORT for the alleged conversion of a promissory note dated February 7, 1902, for $4,825, payable to the plaintiff four months after date and signed by Michael C. Hayes and Mary J. Hayes. Writ dated May 8, 1907.

In the Superior Court the case was tried before *Bond,* J. The facts as they appeared by the bill of exceptions are stated in substance in the opinion. The defendant asked the judge to give certain instructions to the jury, which the judge refused to do, and submitted the case to the jury with other instructions under which they returned a verdict for the plaintiff in the sum of $5,317.15. The defendant alleged exceptions, including an exception to the exclusion of certain evidence, which is described and dealt with in the opinion.

*S. H. Tyng,* for the defendant.

*P. D. Emmons,* for the plaintiff.

LORING, J. The facts of this case as set forth in the bill of exceptions seem to be in substance as follows:

In February, 1902, one Michael Hayes and his wife signed a negotiable promissory note payable to Hill, the plaintiff, and delivered it to him. The note was secured by a "deed of the estate No. 49 Fairfax Street, West Newton," a mortgage on furniture, and some shares in a water company.

Five years later, in February, 1907, the plaintiff handed this note to the defendant in connection with the purchase by the plaintiff from the defendant of a machine shop in Billerica then conveyed by the defendant to the plaintiff.

The plaintiff testified that he lent the note at that time to the

defendant, at the defendant's request, to enable him to deal with Hayes (one of the two makers of the note) who had held an option giving him (Hayes) a right to buy the machine shop then conveyed to the plaintiff. The plaintiff's story was that the defendant said that he was afraid that Hayes might make trouble for him (the defendant) for having conveyed the machine shop to the plaintiff, and in case he (Hayes) should do so he (the defendant) could defend himself by exhibiting to him this note signed by him (Hayes.)

The defendant testified that the Hayes note was delivered to him (the defendant) as part of the purchase money of the machine shop.

When the Hayes note was handed by the plaintiff to the defendant it was not indorsed by the plaintiff nor was the collateral delivered to the defendant.

At some subsequent period not stated in the bill of exceptions, the defendant delivered the note to Hayes the maker. It does not appear from the bill of exceptions that the defendant received any consideration for the delivery of this note to Hayes. It is stated that the defendant testified " that that cancelled Hayes' indebtedness to him," and that he, the defendant, "intended him (Hayes) to have said $4,825 note for all time."

Subsequently Hayes and his wife brought a bill in equity against Hill, in which it was alleged that Wiley received their note from Hill as part of the purchase price of the machine shop, and we assume (although it is not so stated in terms in the bill of exceptions) that Wiley transferred it to them for value, and that under those circumstances they were entitled to the collateral belonging to the note. The judge so found and entered a decree directing Hill to convey and deliver the collateral to Hayes and his wife. Hill did so in compliance with that decree.

If Hill is right in his contention that he lent the note to Wiley and the title to it never left him, he had a right to treat the delivery of the note by Wiley to the maker as a conversion of it by Wiley or he could at his election ignore the fact that the note had come into the possession of the maker through the unauthorized action by Wiley and assert his rights as still the owner of it. The two positions are on their face at least incon-

sistent one with the other. It is on its face at least inconsistent to bring an action both against Wiley for conversion of the note and against Hayes and his wife on the note as still his property. In place of the plaintiff's bringing an action on the note against the makers, the makers brought a bill against him alleging that the note had been satisfied. When that was done the plaintiff here could have set up in his answer there that he was still the owner of the note and as such was entitled to the collateral, or he could have treated Wiley's delivery of the note as a conversion, in which case he had no interest in the collateral.

The bill of exceptions does not state in terms which of these two positions was taken by the plaintiff in his answer to the bill brought against him by Hayes and his wife, although the inference is very strong that he did the former. Assuming that to be so, the position taken by the plaintiff here in his answer to the bill in equity brought by Hayes and his wife is at least evidence of a position taken by the plaintiff in the suit in equity inconsistent with the position here taken, and the evidence of it should have been admitted.

The exception taken by the defendant to the exclusion of evidence as to the suit brought by Hayes and his wife against Hill was not to the exclusion of the record of that cause. That does not seem to have been offered in terms. The statement of the bill of exceptions on this point is in these words : " In putting in his testimony, counsel for the defendant [Wiley in this action] offered to show that, in their bill in the equity suit above mentioned, the plaintiffs (Hayes and his wife) claimed that Wiley had conveyed this note to one of the plaintiffs; that he had received it as part of the consideration for the deed to Hill; that the master, to whom the case had been referred, so found; and upon that finding being confirmed, the court entered a decree requiring Hill to deliver up the collateral to Hayes, which Hill, without taking an appeal, did. The court excluded the evidence so offered, on the ground that it was immaterial, and the defendant excepted.'

It is pretty plain that there has been a mistrial in the case at bar. The doubt we have is whether, having regard to the rule that the excepting party must show error, the case should be sent back for a new trial. On the whole we are of opinion that this

course ought to be taken; for on this bill of exceptions we are of opinion that we ought to assume that if the record of the suit brought by Hayes and his wife against Hill had been admitted, it would have appeared that Hill in his answer claimed that he was still the owner of the note and so entitled to the collateral; and that the case at bar was tried on the theory that that fact was of no consequence.

*Exceptions sustained.*